16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward D. POINTER and Deonco A. Howard, Defendants-Appellants.
 Nos. 93-2445, 93-2920.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1994.
Decided Feb. 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, 92 CR 208; Robert W. Warren, Judge.
 E.D.Wis.
 AFFIRMED.
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Edward Pointer and Deonco Howard along with four other defendants were charged with the robbery of the First Financial Bank in Milwaukee, Wisconsin and for the use of a firearm in the commission of the crime. 18 U.S.C. Secs. 2, 2113(a), 924(c). Pointer and Howard were convicted following a jury trial. They appeal their conviction on the ground that during voir dire, the district court's statements invited the jury to infer guilt from their failure to testify in violation of the Fifth Amendment. In addition, Howard challenges his sentence, arguing that he should not have been assigned two criminal history points under U.S.S.G. Sec. 4A1.2(d)(2)(A) for his placement in an unlocked, juvenile residential treatment facility in 1989. We affirm both of the convictions and Howard's sentence.
 
 
 2
 During the voir dire proceedings, the district court made the following statement:
 
 
 3
 If you sit on this jury you will be told that in a criminal case, the government has a burden of proving its case beyond a reasonable doubt. You will also be told that according to our constitution a defendant in a criminal case is not, cannot be compelled to testify and no inference of guilt can be drawn from a decision of a defendant not to testify. In other words, the government always has to be prepared to proffer its case without the testimony of a defendant.
 
 
 4
 Now a defendant can testify if they wish to do so and, of course, if they do, why they are subject to cross-examination. That's the basic law. Are there any among you who would have any difficulty in applying that law to your deliberations?
 
 
 5
 Transcript, Vol. 7 at 56-57. The defendants moved for a mistrial, contending that the italicized sentence was a prejudicial extension of the statement of law regarding the right not to testify. The court denied the motion, reasoning that the questionable statement was "good law" and was appropriate within the context it was made. We review for an abuse of discretion. United States v. Schimmel, 943 F.2d 802, 806 (7th Cir.1991), cert. denied, 112 S.Ct. 1211 (1992).
 
 
 6
 Comments by the prosecution on the defendant's silence or instructions by the court that such silence is evidence of guilt are prohibited under the Fifth Amendment. Griffin v. California, 380 U.S. 609, 615 (1965). Indirect comments constitute error only if they "manifestly intended or [were] of such character that the jury would naturally and necessarily take [them] to be a comment on the failure of the accused to testify." United States v. Koen, 982 F.2d 1101, 1118 (7th Cir.1992) (citations omitted).
 
 
 7
 In United States v. Goodapple, 958 F.2d 1402, 1405 (7th Cir.1992), we held that the district court did not infringe on the defendant's Fifth Amendment right when it read the names of potential witnesses during voir dire and included the defendant's name. Questioning whether the district court's alleged error even rose to the level of an indirect comment on the defendant's failure to testify, we concluded that the court's intent was to uncover a juror's possible relationship with a witness and not to focus attention on the defendant's silence. Id.
 
 
 8
 Similarly, the district court's statement in this case is not objectionable when placed in context. The court attempted to eliminate prejudiced jurors by explaining to them basic concepts of criminal law such as the government's burden of proof and the privilege against self-incrimination, and asking them whether they could properly apply the law. See Lakeside v. Oregon, 435 U.S. 333, 340 (1978). It did not manifestly intend to comment on the defendants' refusal to testify. Moreover, the defendants have failed to establish any basis for an inference that the jury "naturally and necessarily" viewed the cross-examination statement as evidence of the defendants' guilt. United States v. Castillo, 965 F.2d 238, 244 (7th Cir.), cert. denied, 113 S.Ct. 212 (1992). Cf. Freeman v. Lane, 962 F.2d 1252, 1261 (7th Cir.1992) (grant of a writ of habeas corpus was affirmed where the prosecutor's repeated references and "studied rhetoric" were purposeful comments on the defendant's failure to testify); United States ex rel. Burke v. Greer, 756 F.2d 1295, 1301 (7th Cir.1985) (inference suggested through seven references by the prosecution after explicit warnings from the judge to avoid such comments). Accordingly, we conclude that the district court did not commit a constitutional error.
 
 
 9
 Howard also argues that his commitment to the Michigan State Department of Social Services and his placement in the Pioneer Work and Learn Center ("Center") at the age of sixteen for the possession of cocaine was not a sentence of confinement requiring the district court to add two points to his criminal history calculation. U.S.S.G. Sec. 4A1.2(d)(2). He notes that within the juvenile system there are numerous placement possibilities including foster care, group homes, treatment facilities and secure correctional facilities. Citing no case law in support of his proposition, he contends that placement in an open, nonsecure facility which focuses on vocational and family treatment, work, school, and wilderness training is not a sentence of confinement. Howard's argument has two fatal flaws.
 
 
 10
 First, society may confine an individual for many reasons including punishment, rehabilitation, or an individual's inability to care for himself. Generally, the purpose of state juvenile systems is to rehabilitate. United States v. Williams, 891 F.2d 212, 216 (9th Cir.1989), cert. denied, 494 U.S. 1037 (1990). In Michigan, for example, juvenile proceedings are not considered criminal in nature, and are conducted by the probate court. MICH.COMP.LAWS ANN. Sec. 712A.1(1) (West 1993). In addition, the Michigan court had the authority to place Howard on probation but did not. Sec. 712A.18. Instead, it sentenced Howard to the Center where he remained for several months. See BLACK'S LAW DICTIONARY 273 (6th ed. 1990) (distinguishing between a sentence of confinement and a suspended sentence or probation in defining "commitment"). Thus, limiting "confinement" to mean placement in a secure correctional facility as Howard would like this court to hold, is too narrow an interpretation given the structure of juvenile systems generally and in Michigan particularly. United States v. Hanley, 906 F.2d 1116, 1120 (6th Cir.) (juvenile commitment to Michigan Department of Social Services facility is confinement), cert. denied, 498 U.S. 945 (1990).
 
 
 11
 Second, although Howard was placed in an unlocked facility, that does not imply he was free to leave. Because Howard was found guilty of the possession of cocaine, a felony under Michigan law if committed by an adult, MICH.COMP.LAW ANN. Secs. 333.7214(a)(iv), 333.7403(2) (West 1992), the probate court retained jurisdiction over Howard and had sole authority to release him. Sec. 712A.18c(1), (3)-(4).
 
 
 12
 Finally, every other circuit that has addressed this issue has added two points for the defendant's prior commitment to a juvenile facility. United States v. Fuentes, 991 F.2d 700 (11th Cir.1993) (two points added for indeterminate juvenile commitment to Florida's Department of Health and Rehabilitative Services); United States v. Adams, 988 F.2d 493 (4th Cir.1993) (sentence to West Virginia's youthful offender facility, arguably for the purpose of treatment and training, assessed two points); United States v. Miller, 987 F.2d 1462, 1466 (10th Cir.1993) (two points applied for sentence to youth camp for possession of cocaine); United States v. Kirby, 893 F.2d 867, 868 (6th Cir.1990) (commitment to the custody of the Kentucky Cabinet for Human Resources for the commission of theft and burglary counted under Sec. 4A1.2(d)(2)(A)); Williams, 891 F.2d at 216 (commitment to California juvenile hall is "sentence to confinement"). Consequently, we conclude that Howard's juvenile commitment to the Center was a sentence of confinement under U.S.S.G. Sec. 4A1.2(d)(2).
 
 
 13
 Accordingly, we AFFIRM the district court's denial of the defendants' motion for a mistrial and Howard's sentence.