**Michael E. BISCHEL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 93–3583.**

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1994.

Decided Aug. 8, 1994.

---

Gerald P. Boyle (argued), Wendy A. Patrickus, Milwaukee, WI, for petitioner-appellant.

Chris R. Larsen, Asst. U.S. Atty. (argued), Rodney Cubbie, Milwaukee, WI, for respondent-appellee.

Before POSNER, Chief Judge, COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

Michael Bischel was charged with conspiracy to distribute marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Bischel pled guilty to the conspiracy charge and was sentenced on December 12, 1991, to fifty-eight months of imprisonment to be followed by five years of supervised release and required to pay a $50.00 special assessment fee. Bischel did not file a direct appeal of his sentence because he alleges he was under the impression that the government would move, under Fed.R.Crim.P. 35(b) for a further reduction in his sentence due to his substantial assistance in government investigations and prosecutions of related drug cases.[1] Nearly one year after Bischel was sentenced, on December 11, 1992, the government filed a Rule 35(b) motion with the district court based on Bischel's assistance in providing information leading to an arrest and conviction of a bank robber. Bischel was not called to testify in the bank robbery case because the government had sufficient witnesses and evidence to convict the defendant without his testimony. Therefore, on April 16, 1993, the Assistant U.S. Attorney moved the court to withdraw the Rule 35(b) motion. Upon learning that the government had withdrawn its motion, the defendant filed this 28 U.S.C. § 2255 (habeas corpus) motion seeking to review his original sentence and the government's withdrawal of its Rule 35(b) motion.

## BACKGROUND

The petitioner, Michael Bischel, pled guilty to one count of conspiring to possess with intent to distribute over 1000 kilograms (2200 lbs.) of marijuana. His guilty plea included standard language about his agreeing "to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials, if asked to do so...." Guilty Plea para. 7(f). Bischel complied with the terms of the guilty plea and in exchange, the Assistant U.S. Attorney ("AUSA") entered a "substantial assistance" motion (18 U.S.C. § 3553(e)) with the district court at sentencing requesting the court to reduce Bischel's sentence from the statutory minimum sentence of ten years down to five years. The government's motion was premised on Bischel's cooperation in the investigation of several coconspirators and other marijuana dealers in the Milwaukee, Wisconsin area. Working under the direction of Detective Kevin Carr, Bischel participated in a number of controlled marijuana buys, made recorded phone calls to suspected drug deal-

---

1. Rule 35(b) provides:
   (b) Reduction of Sentence for Changed Circumstances. The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

ers and provided information leading to the arrest of at least five of his coconspirators.

At sentencing, Bischel was allowed to testify as to his cooperation with the authorities and his attorney also provided extensive argument in support of the downward departure. At the conclusion of Bischel's counsel's argument, he stated "I have asked Mr. Bischel if there was anything that wasn't covered, he's satisfied that everything was covered and has nothing further to say." AUSA Rodney Cubbie of the U.S. Attorney's Office of the Eastern District of Wisconsin also informed the court of Bischel's substantial assistance in the investigation and arrests of several marijuana dealers. Based on the testimony and argument presented at sentencing the judge granted the government's request for a downward departure and sentenced the defendant to fifty-eight months of confinement rather than the statutory minimum of 120 months. Under the sentencing guidelines this amounted to a five-level downward departure from level thirty to level twenty-five. Bischel did not appeal his sentence because he claims he and his counsel were under the impression that the government had "promised" it would seek a further reduction due to changed circumstances under Federal Rule of Criminal Procedure 35(b).[2]

In fact, on December 11, 1992, the government did file a Rule 35(b) motion with the judge who sentenced Bischel. In an accompanying affidavit, AUSA Cubbie recommended a further reduction in Bischel's sentence *contingent* on Bischel's testifying in an upcoming bank robbery trial in Michigan.[3] Bischel acquired knowledge of the bank robbery while in prison and communicated this

information to AUSA Cubbie even though the bank robbery was completely unrelated to the drug crimes for which Bischel was convicted. The government concluded that its bank robbery case was strong enough without Bischel's testimony and thus never called him to the witness stand. Because the government was not in need of Bischel's testimony in the bank robbery trial, AUSA Cubbie drafted a letter to the trial judge who sentenced Bischel requesting leave to withdraw the Rule 35(b) motion. The court did not rule on the motion but the Rule 35(b) hearing that was scheduled for April 22, 1993 was never held. Four months later, the defendant petitioned the trial court under 28 U.S.C. § 2255 to vacate his sentence and resentence him after considering additional evidence of his substantial assistance to the government. The defendant submitted an affidavit detailing his instrumental role in the government investigation against fifteen marijuana dealers. Bischel claims the court only made findings of his substantial assistance as to five of the fifteen defendants. His attorney also submitted an affidavit discussing Bischel's assistance in the bank robbery investigation and his impression that after the initial sentencing the government would seek a further downward departure under Rule 35(b). While the affidavits certainly present allegations that Bischel's cooperation was vital in obtaining convictions for certain Milwaukee area marijuana dealers, nowhere is there any documentation or statement in the court record of an alleged promise on the part of the U.S. Attorney's Office that the government would file a Rule 35(b) motion for a further reduction in Bischel's sentence based on the defendant's assistance in the drug investigations.

2. Our review of the court record fails to reveal any documentation of the alleged promise. Only in the Appellant's Brief is there a mention of such an alleged agreement ("[o]n or about that same time frame [the date of sentencing,] the Government pledged to the Appellant to bring a Rule 35(b) motion at some time in the future"). *See* Appellant's Brief at 4.

3. In the affidavit in support of the Rule 35(b) motion the Assistant U.S. Attorney stated in part:
7. That the government anticipates that MICHAEL E. BISCHEL may be called as a witness in the case of *United States of America v. Robert Seavoy*, 2–92–Cr–20 (W.D.Mich.). If

MICHAEL E. BISCHEL is called as a witness in the case of *U.S. v. Seavoy*, MICHAEL E. BISCHEL may provide substantial assistance to the government in its prosecution of *U.S. v. Seavoy.*
8. That accordingly, this Affidavit of Assistant United States Attorney Rodney L. Cubbie is made in support of the government's motion to reduce the sentence of MICHAEL E. BISCHEL, contingent upon MICHAEL E. BISCHEL providing substantial assistance to the United States Government in the case of *United States of America v. Michael [sic] Seavoy.*

The district court summarily dismissed the defendant's petition because under 28 U.S.C. § 2255 the court only has jurisdiction to reconsider a sentence if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

*Id.* Bischel filed a timely appeal from the court's denial of his § 2255 petition.

## ISSUE

Did the district court properly dismiss the defendant's habeas petition?

## DISCUSSION

### *Jurisdiction under 28 U.S.C. § 2255*

Habeas corpus relief under 28 U.S.C. § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991) (quoting *Carreon v. United States,* 578 F.2d 176, 179 (7th Cir.1978)); *see also Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992) ("[c]ollateral relief under section 2255 is available if any legal error in taking a prisoner's guilty plea or sentencing him subsequent to that plea was 'jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice'") (quoting *Oliver v. United States,* 961 F.2d 1339, 1341 (7th Cir.1992)). Moreover, "in addition to restraints on the types of issues that may be raised [under section 2255], the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure." *Borre,* 940 F.2d at 217 (citing *Williams v. United States,* 805 F.2d 1301 (7th Cir.1986), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987)); *see also Scott v. United States,* 997 F.2d 340, 342 (7th Cir.1993) ("[p]ersons who believe that district judges have not enforced all of their rights must appeal; having bypassed that opportunity they may not demand belated review") (citing *Coleman v. Thompson,* 501 U.S. 722, 752–53, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991)). We review the lower court's denial of the defendant's habeas petition *de novo. Quinn v. Neal,* 998 F.2d 526, 528 (7th Cir.1993); *cf. Ticey v. Peters,* 8 F.3d 498, 500 (7th Cir.1993) ("[w]e review habeas corpus decisions looking at the evidence in the light most favorable to the government ... [b]ecause habeas corpus petitions allege constitutional violations, we review the issues *de novo* ") (citations omitted).

In addition to Bischel's difficulties in overcoming the limited review under 28 U.S.C. § 2255, Bischel faces the additional hurdle of challenging the government's decision not to seek a reduction of sentence under Rule 35(b). The U.S. Supreme Court recently held that a defendant may only obtain relief from a prosecutor's decision not to file a Rule 35(b) motion in two situations: (1) "if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion," or (2) "if the prosecutor's refusal to move [under Rule 35(b) ] was not rationally related to any legitimate Government end." *Wade v. United States,* — U.S. ——, ——, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992) (citing *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)).

As we have stated above, the defendant has offered no evidence of a "promise" that the government would bring a Rule 35(b) motion other than affidavits from the defendant and his counsel. The trial court denied the habeas petition without even requiring an answer or an explanation of the alleged "promise" from the government. Thus we do not even have before us the government's version of the alleged "understanding." [4] Compounding the problem is

---

4. In its brief, the government does not deny the existence of a "promise" but states:

> "Nothing in the record supports Bischel's claim that the government promised to file a

Rule 35 motion on his behalf. Furthermore, even if the government made such a promise, it is not the type of external factor which

the fact that AUSA Cubbie did not represent the government at oral argument. A member of this panel commented at oral argument that "it might have helped to have Mr. Cubbie here" because this case involves a "record intensive situation[ ]." While we do not mean to infer that the U.S. Attorney's Office was attempting to hide anything, in the future, unless there is good cause explained to the appellate court and defense counsel by the U.S. Attorney's Office, we expect the attorney responsible for any "record intensive" case to appear before the appellate court in order that he might answer any questions that are unclear in the court record. *See United States v. Van Engel*, 15 F.3d 623, 629 (7th Cir.1993) ("The Department of Justice wields enormous power over people's lives, much of it beyond effective judicial or political review. With power comes responsibility, moral if not legal, for its prudent and restrained exercise; and responsibility implies knowledge, experience, and sound judgment, not just good faith."), *cert. denied,* — U.S. —, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994).

█ If the government did in fact promise Bischel at the time of sentencing that it would seek a further downward departure by filing a Rule 35(b) motion and Bischel relied on that promise to his detriment, i.e., he did not appeal his sentence because he believed a further reduction was forthcoming, then we believe he would have satisfied the jurisdictional requirement under 28 U.S.C. § 2255 because he would be claiming his incarceration was unconstitutional. *See Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984) (holding "only when it develops that the defendant was not fairly apprised of [his plea's] consequences can his plea be challenged under the Due Process Clause"); *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"); *United States v. Harvey,* 869 F.2d 1439, 1443 (11th Cir.1989) ("[d]ue process requires the government to

adhere to the terms of any plea bargain or immunity agreement it makes"). Additionally, if there was a government promise to enter a Rule 35 motion, the defendant's failure to directly appeal his sentence would not bar his habeas petition because the alleged promise induced the defendant to forego the direct appeal. *See Borre,* 940 F.2d at 217 (requiring defendant to establish "cause and prejudice" for failing to directly appeal). It would be a harsh result indeed for this court to approve of the government inducing a defendant to forego a direct appeal with a promise to move for a future reduction in his sentence (under Rule 35(b)), then to permit the government to change its mind and fail to carry out the agreement and hold that the defendant has no recourse because he failed to take a direct appeal of his sentence.

### No Documentation of Alleged "Promise" to Seek Reduction for Defendant's Assistance in Drug Investigations

█ Our holding that we have jurisdiction under 28 U.S.C. § 2255 does not save the defendant because the district court properly dismissed the defendant's habeas petition on the grounds that the defendant failed to present any evidence of a government promise to file a Rule 35(b) motion to further reduce his sentence. A mere allegation of an "understanding" or "promise" without some documentation or statement in the court record is insufficient to merit an evidentiary hearing much less a Rule 35 hearing. *See Wade,* — U.S. at —, 112 S.Ct. at 1844 ("It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive."). If the alleged promise to seek a future reduction based on Bischel's prior assistance in the drug investigations existed, both attorneys had a duty to memorialize the agreement in letter form to the defendant and the court

constitutes valid cause for failure to pursue a direct appeal."

and above all to make it part of the court record.

*Withdrawal of Government's 35(b) Motion for Defendant's Assistance in the Bank Robbery Prosecution*

Moreover, we do not accept the defendant's contention that the government acted arbitrarily and capriciously in withdrawing its Rule 35(b) motion for Bischel's assistance in the bank robbery prosecution. It is perfectly acceptable for the government to condition a Rule 35 motion on the defendant's testifying at the trial. In this case, the defendant's failure to testify was through no fault of his own (the government had a strong enough case without his testimony).[5] Nonetheless, because Rule 35 is premised on the defendant's substantial assistance to the government, the fact that the government did not need Bischel's testimony constitutes a reasonable basis for refusing to pursue the sentence reduction under Rule 35. *See id.* (allowing government broad discretion when deciding whether to enter a substantial assistance motion).[6]

AFFIRMED.

---

**5.** The fact that Bischel's tip may have led the government to another witness who could testify in the bank robbery trial does not alter our holding. For the government has the discretion to determine whether Bischel's assistance was substantial without his having testified at the bank robbery trial. *See Wade,* —— U.S. at ——, 112 S.Ct. at 1844.

**6.** Because the defendant has failed to offer documentation of the alleged promise, we need not address his argument that the district court failed to consider his role in providing information leading to the arrest and/or conviction of Ronald Hausknecht, Donna Hausknecht, Darryl Erdman, Christopher Unger, Ronald Zabinski, John Sawyer, Steven Bahr, Steven Kraina, James Kobb, and Jerry Damarrow. Moreover, as we have stated on numerous occasions in the past, this court simply lacks jurisdiction to review the extent of a downward departure from an otherwise lawful sentence. *United States v. Johnson,* 997 F.2d 248, 252 (7th Cir.1993); *United States*

*v. Stowe,* 989 F.2d 261, 264 (7th Cir.1993); *United States v. Poff,* 926 F.2d 588, 590 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991); *United States v. Heilprin,* 910 F.2d 471, 475 (7th Cir.1990); *United States v. Dean,* 908 F.2d 215, 218 (7th Cir.1990) ("where the defendant fails to suggest any law that the district court violated in departing downward, his appeal will be denied"); *United States v. Gant,* 902 F.2d 570, 573 (7th Cir.1990). The court was under no obligation to make findings on each and every investigation in which the defendant claims he participated, rather, the government's "recommendation[] ... function[s] as the court's starting point in determining the extent of the departure." *Stowe,* 989 F.2d at 264. In this case, the government recommended a five-level downward departure and the court accepted that recommendation and stated specific findings on the record justifying the downward departure.