46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William C. LEMONS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3663.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 22, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 William C. Lemons, who pleaded guilty to ten counts of drug related offenses including "Count 44" for distribution of cocaine within 1000 feet of a school, vocational school or college, 21 U.S.C. Sec. 845(a) (1988) (recodified as 21 U.S.C. Sec. 860(a)), appeals the district court's denial of his motion to vacate or set aside his conviction under 28 U.S.C. Sec. 2255 and its denial of his motion for an evidentiary hearing. In his Sec. 2255 motion, Lemons claims that his guilty plea to Count 44 lacked a factual basis to support the element of selling drugs within 1000 feet of a "school" and that he was sentenced to an additional period of supervised release that violated the plea agreement.[1] The district court denied this Sec. 2255 motion because Lemons failed to show cause or prejudice to warrant relief in a collateral proceeding. We affirm.
 
 
 2
 We review the district court's denial of collateral relief de novo. Bischel v. United States, 32 F.3d 259, 263 (7th Cir.1994). Lemons did not raise these issues when he appealed his sentence, which we affirmed. United States v. Lemons, Nos. 89-1710 & 89-1693, (7th Cir. Aug. 1, 1990) (unpublished order). However, relief under Sec. 2255 "is available for Rule 11 violations only if the error of law is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Nevarez-Diaz v. United States, 870 F.2d 417, 422 n. 1 (7th Cir.1989). Lemons' motion meets this initial test because he claims that the trial court's errors rendered his plea involuntary and unconstitutional. Id.
 
 
 3
 Lemons has not shown cause for why he failed to attack on direct appeal the factual basis of his plea concerning the "school" status of Indiana Christian University ("ICU").[2] At the plea hearing, Lemons admitted to dealing cocaine within 1,000 feet of ICU, and he did not object to the lack of testimony to support this element. Before sentencing, he wrote a letter to the trial court protesting that ICU was merely an office. At the sentencing hearing, the court told Lemons' defense counsel that if the letter indicated his client's intent to attack the factual basis of the guilty plea, he should "move to dismiss that count for failure of an essential element or to withdraw your plea from that count...." (Tr. II at 13.) However, Lemons' defense counsel declined to do either one. Although recognizing that the point "may well go to the factual basis" of the plea, (id. at 16), Lemons' counsel offered the fact "in mitigation," (id. at 14). Lemons even stipulated that ICU was a "private university or college." (Id. at 18.)
 
 
 4
 In spite of the trial court's prodding, Lemons did not pursue this issue at the time or on direct appeal. "[T]he failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for ... that failure." Bischel, 32 F.3d at 263. Lemons does not claim ineffective assistance of counsel or otherwise show cause for this default. See Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994) (holding that ineffective assistance may constitute sufficient cause). Thus, the district court properly denied this claim and Lemons' motion for an evidentiary hearing concerning the nature of ICU. Barker v. United States, 7 F.3d 629, 633 n. 3 (7th Cir.1993) (holding that court can dismiss without holding evidentiary hearing if record conclusively demonstrates that petitioner is not entitled to relief), cert. denied, 114 S.Ct. 939 (1994).
 
 
 5
 Lemons alleges that during the plea hearing, the trial court altered the plea agreement by adding a mandatory term of supervised release, which both the court and Lemons' petition to enter a plea of guilty referred to as "special parole." He claims that the court erred by not advising him of the distinction between supervised release and special parole. He further claims that the trial court violated the plea agreement, in which he agreed to a fifteen year sentence, by sentencing him to fifteen years of imprisonment followed by six years of supervised release.
 
 
 6
 Once again, Lemons has failed to show cause for not raising these issues on direct appeal. He explains his default by saying that he did not discover the consecutive length of the terms of his sentence until after he arrived at prison. First, we reject this assertion because the trial court explained the consecutive nature of the terms of imprisonment and supervised release both at sentencing and in the judgment order. Second, this assertion does not explain why he did not appeal the apparent switch from "special parole" to "supervised release" or the alleged failure to explain the meaning of either one. The district court properly denied this Sec. 2255 motion for failing to show cause.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The court granted Appellant's motion to waive oral argument and notified the parties that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In his motion, Lemons also claims that the government coerced him into pleading guilty to Count 44 by threatening to turn evidence over to State authorities for prosecution. However, he has not raised this issue on appeal
 
 
 [2]
 The "cause and prejudice" standard has a narrow exception for those cases in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); see Nevarez-Diaz, 870 F.2d at 423 n. 2. In this case, we do not find that Lemons has made a colorable claim of being actually innocent of selling drugs within one thousand feet of a school, vocational school, junior college or college. Although the record contains little detail concerning ICU during January 1988, according to the Indiana State Approving Agency's information sheet, dated October 11, 1988, ICU taught non-accredited daily classes and awarded a Bachelor of Arts/Pastors degree. (R. at 7.)