108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick S. JACKSON, Petitioner-Appellant,
v.
Percy PITZER, Warden, Respondent-Appellee.
 No. 96-3285.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.*
Decided March 7, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Patrick Jackson, a federal prisoner, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Jackson alleged that the United States Attorney reneged on her agreement to file a motion for a reduction of Jackson's sentence in exchange for substantial assistance Jackson provided to the government. See Fed.R.Crim.P. 35(b). Before reaching the merits of Jackson's appeal, we must address two procedural issues.
 
 
 2
 First, as noted above, Jackson filed his petition under § 2241. Jackson did this because he believed erroneously that his failure to file a direct appeal from his conviction waived his right to file a petition under 28 U.S.C. § 2255. But Jackson seeks to vacate his sentence because the government breached its agreement to file a Rule 35(b) motion. Such a claim must be brought under § 2255. Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996); Bischel v. United States, 32 F.3d 259, 264 (7th Cir.1994); Carnine v. United States, 974 F.2d 924, 927 (7th Cir.1992). Moreover, Jackson's failure to bring a direct appeal does not waive his claim that the government breached its agreement to file a Rule 35(b) motion. Bischel, 32 F.3d at 264. Accordingly, we construe Jackson's petition as one brought under § 2255.
 
 
 3
 Having construed Jackson's petition as one brought under § 2255, however, we come to a second procedural defect: Jackson was required to obtain a certificate of appealability before proceeding with his appeal, see 28 U.S.C. § 2253(c)(1)(B),[1] and he did not do so. Nevertheless, we think it would serve no useful purpose to remand Jackson's appeal to the district court to consider whether Jackson is entitled to a certificate of appealability. Jackson's petition and appeal present a single, straightforward issue, and thus, we will treat Jackson's notice of appeal as a request for a certificate of appealability. See Cir.R. 22.1(b). We therefore grant the certificate of appealability and proceed to the merits of Jackson's claim.
 
 
 4
 Jackson pleaded guilty in 1993 to one count of distribution of cocaine. 21 U.S.C. § 841(a)(1). Because Jackson had a prior conviction, he faced a statutory minimum sentence of ten years' imprisonment. Jackson's plea agreement provided that if Jackson rendered substantial assistance to the government leading to the prosecution of other persons for cocaine trafficking, the United States Attorney would move for a downward departure below that statutory minimum sentence. See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1; Fed.R.Crim.P. 35(b).
 
 
 5
 Jackson refused to cooperate with the government before his sentencing, but after he was sentenced to ten years' imprisonment to be followed by eight years' supervised release, he indicated his willingness to cooperate. In a letter to Jackson's attorney dated June 28, 1993, the United States Attorney reiterated her position that: "If [Jackson's] cooperation leads to a prosecutable case or indictment of any of those persons [from whom he obtained cocaine], the government will make the appropriate motion under Rule 35(b) and 18 U.S.C. § 3553(e)."
 
 
 6
 Jackson testified before a federal grand jury concerning his suppliers, but that information did not lead to an indictment or prosecution. In a letter to the FBI agent who investigated Jackson's case--a letter that was copied to Jackson's attorney--the United States Attorney stated that the information Jackson provided was "too little[,] too late." The letter explained that Jackson's information concerned criminal activity for which the applicable statute of limitations had passed. Accordingly, the information was worthless to the government, and the United States Attorney therefore did not file a Rule 35(b) motion on Jackson's behalf.
 
 
 7
 In his petition and appeal, Jackson alleges that the information he provided to the government concerned crimes for which the statute of limitations had not expired. He further asserts that the true reason the United States Attorney declined to prosecute the suppliers he identified is that the suppliers were themselves government informants, and that their prosecution would have called into question their testimony for the government in other criminal cases.
 
 
 8
 Jackson's petition fails for two reasons. First, he has failed to make the "substantial threshold showing" necessary for even discovery or an evidentiary hearing regarding his claims, let alone the grant of his petition. Wade v. United States, 504 U.S. 181, 186 (1992). His unsubstantiated assertions concerning the value of his information and the government's reasons for not prosecuting his suppliers simply do not entitle him to any relief. Id. at 186-87.
 
 
 9
 Second, even if Jackson's allegations were true, the fact would still remain that Jackson failed to provide information that led to the indictment or prosecution of his sources--the quid pro quo for the United States Attorney's obligation to file a Rule 35(b) motion on Jackson's behalf. It makes no difference if it is true that the government could have--but declined--to prosecute them. In Bischel, we held that the government was justified in refusing to file a Rule 35(b) motion because it did not need the petitioner's testimony, even though the petitioner was apparently willing to testify. Bischel, 32 F.3d at 265. Similarly, it makes no difference here why the government could not or did not make use of Jackson's testimony--Jackson's testimony did not lead to any indictments or prosecutions, and that is a "legitimate [g]overnment end" which justifies the United States Attorney's refusal to file the Rule 35(b) motion. Wade, 504 U.S. at 186-87.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214, was signed into law on April 24, 1996. The AEDPA amended § 2253 to require petitioners seeking writs of habeas corpus under § 2255 to first obtain a certificate of appealability before proceeding on appeal. The district court denied Jackson's petition on September 5, 1996, and thus, the AEDPA-modified provisions of § 2253 apply to Jackson's appeal. Lindh v. Murphy, 96 F.3d 856, 863 (7th Cir.1996), cert. granted in part, 117 S.Ct. 726 (1992)