**Edward POINTER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 96–C–0644.
Criminal No. 92–CR–208.

United States District Court,
E.D. Wisconsin.

March 26, 1997.

As Corrected April 1, 1997.

Edward Pointer, Leavenworth, KS, for Petitioner.

Stephen M. Ingraham, Asst. U.S. Atty., Milwaukee, WI, for Respondent.

### ORDER

WARREN, Senior District Judge.

Now before the Court is Edward Pointer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons that follow, the Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 1996, Edward Pointer, proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The petitioner argues his conviction was obtained through the false testimony of Special Agent Terry Booth, an investigating agent at his trial. In particular, Pointer contends that the agent testified that Pointer had confessed to committing the bank robbery when in fact Pointer never made such a confession. Pointer also alleges that the prosecutor knowingly suborned this false testimony and failed to inform Pointer of his intention to rely on the confession prior to trial. Finally, Pointer claims that ineffective assistance of counsel at trial and on appeal caused his failure to object to the admission of the testimony relating to his alleged confession. On August 19, 1996, pursuant to Rule 4 of the rules governing section 2255 proceedings, the Court gave Pointer's petition preliminary consideration and requested the United States Attorney to respond.

On October 18, 1996, Assistant United States Attorney Stephen A. Ingraham filed a response on behalf of the government to Pointer's motion. Pointer filed a motion for appointment of counsel, a motion to amend the complaint and a motion for reconsideration. The Court denied Pointer's motions and on February 20, 1997, Pointer filed a reply to the government's response.

By way of brief background, in 1993, a jury convicted Pointer of bank robbery and the use of a firearm during the commission of a crime in violation of 18 U.S.C. §§ 2113(a) and 924(c). On June 10, 1993, this Court sentenced Pointer to *inter alia*, 292 months imprisonment. Pointer appealed his conviction on the ground that during voir dire, statements made by this Court invited the jury to infer guilt from the defendant's failure to testify. The Seventh Circuit rejected this argument and affirmed Pointer's conviction. *U.S. v. Edward Pointer*, 16 F.3d 1226, 1994 WL 43812 (7th Cir.), *cert. denied*, 512 U.S. 1242, 114 S.Ct. 2756, 129 L.Ed.2d 872 (1994).

## II. STANDARD OF REVIEW

Habeas corpus relief pursuant to 28 U.S.C. § 2255 is available if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995). "Moreover, in addition to restraints on the types of issues that may be raised, the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from the failure." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir.1994) (citations and internal quotation marks omitted). An argument that was not raised on direct appeal cannot first be presented on collateral review " 'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.' " *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2504–05, 53 L.Ed.2d 594 (1977)).

## III. ANALYSIS

Pointer argues that the government failed to disclose Pointer's confession to his attorney prior to trial and that his attorney at trial failed to contest the admissibility of his confession to the charged offenses. Pointer contends that he never made a confession or any statement to Special Agent Booth.

Pointer further argues that the government by submitting the confession as evidence through the testimony of Special Agent Booth introduced perjured testimony at trial. Pointer did not raise these arguments on appeal. As the government correctly points out, Pointer has waived these arguments by not raising them on direct appeal. *Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir. 1994). In order to establish that he is entitled to relief, Pointer must demonstrate both cause and prejudice for his failure to raise these issues on appeal. *Id.* Ineffective assistance of counsel may constitute sufficient cause for failing to raise the issue on direct appeal. *See Belford v. United States*, 975 F.2d 310, 314 (7th Cir.1992).

█ In this case, Pointer fails to demonstrate cause for his failure to appeal and cannot demonstrate prejudice. At trial, four of Pointer's five accomplices testified regarding Pointer's leading role in the bank robbery. Other witnesses corroborated the testimony of the accomplices for Pointer's whereabouts during the time periods in question. This Court characterized the evidence as "plenty of accomplice testimony that's . . . cast iron and that's corroborated by all of the circumstantial evidence of which there's an abundance." (Tr. at pg. 705–06.) Therefore, at the outset, the Court concludes that Pointer was convicted on more than sufficient evidence without the introduction of his confession.

█ Moreover, the affidavit of Pointer's attorney demonstrates that Pointer's argument regarding the confession is unequivocally without merit. Pointer's attorney attests:

> During the course of our discussions I advised the Defendant about a statement allegedly from him which the government intended to introduce, he admitted to having made certain comments to the interrogating officer which were intended to be sarcastic, i.e., not to be taken seriously by the officer. He denied that any statements were made against his will. He also confessed to the allegation.

(Resheter Aff. ¶ 9.) It is clear to the Court that the government disseminated Pointer's alleged confession to defense counsel prior to trial, Pointer was apprised prior to trial about the confession and the defense attorney discussed the government's evidence with Pointer. During trial, evidence of the confession was properly admitted through the testimony of Special Agent Booth. Therefore, Pointer's claims of prosecutorial misconduct are without merit.

Pointer also alleges that his attorney offered ineffective assistance of counsel in failing to object to the confession, failing to move to suppress the confession and failing to argue on appeal that the confession was improperly admitted as evidence. The petitioner bears a heavy burden in establishing an ineffective assistance of counsel claim. *See Bond v. United States*, 77 F.3d 1009, 1012 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 270, 136 L.Ed.2d 194 (1996). To establish that counsel provided ineffective assistance, Pointer must demonstrate: (1) deficient performance by his attorney, and (2) prejudice from the representation. *Precin v. United States*, 23 F.3d 1215, 1218 (7th Cir. 1994), (citing *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993)). In other words, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Pointer must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. The Court examines the ineffectiveness claim by examining "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." *United States v. Muehlbauer*, 892 F.2d 664, 668 (7th Cir.1990). The Court's scrutiny of counsel's performance must be conducted with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. In any event, the ultimate focus of inquiry must be "on the

fundamental fairness of the proceeding whose result is being challenged." *Id.* at 697, 104 S.Ct. at 2070.

Therefore, Pointer must show that his counsel made errors so serious that the attorney was not functioning as the "counsel guaranteed by the Sixth Amendment" and that the deficient performance prejudiced him. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The Supreme Court has made clear that a court need not address the performance prong first. If it is easier to dispose of an ineffectiveness claim on the ground of lack of prejudice, that course should be taken. *Id.* at 697, 104 S.Ct. at 2069-70.

■ Even if Pointer could show that counsel's performance was deficient, *Strickland* also requires that Pointer show that his defense was prejudiced by counsel's actions. Pointer cannot establish prejudice. As this Court's Order previously discussed, this Court determined that there was an "abundance" of circumstantial evidence as well as "cast iron" accomplice testimony consisting of four of the five accomplices in the bank robbery. Even if a meritorious suppression motion could have been raised and/or the confession not admitted as evidence, the other evidence submitted was sufficient to convict Pointer.

■ The Court, having determined that Pointer cannot demonstrate prejudice, also determines that Pointer cannot demonstrate deficient performance by his attorney. The affidavit of Pointer's attorney states that both defense counsel and Pointer were aware of the confession prior to trial and that Pointer's attorney discussed the confession with Pointer. The confession attached as Exhibit B demonstrates that Special Agent Booth advised Pointer of his constitutional rights and Pointer indicated he did not want to talk without a lawyer. Pointer requested to read the complaint and affidavit filed against him. After approximately 10 minutes of reading, Pointer placed the document on the table and advised "you've got me, I want to cooperate." Special Agent Booth reminded Pointer that he had requested a lawyer, but Pointer next stated he did not want a lawyer and proceeded to give information about the robbery of the First Financial Bank in Milwaukee, Wis-

consin. Pointer gave detailed information regarding who participated in the robbery and the weapons utilized. At trial, Special Agent Booth's testimony corroborated his written account of Pointer's confession. (Tr. at pg. 391–407.) Quite simply, there is no evidence that Pointer's constitutional rights were violated except for Pointer's self-serving affidavit. Pointer, therefore, is without grounds to challenge the confession or its admittance into evidence. As the government correctly points out, "[i]f a defendant spontaneously volunteers information, either before or after being given Miranda warnings, those statements need not be suppressed." *United States v. Reiswitz,* 941 F.2d 488, 496 (7th Cir.1991). Accordingly, "[i]t is not ineffective assistance of counsel to not file a meritless motion." *United States v. Nolan,* 910 F.2d 1553, 1564 (7th Cir.), *cert. denied,* 499 U.S. 942, 111 S.Ct. 1402, 113 L.Ed.2d 457 (1991). Nonetheless, the Court determines that the record reflects sufficient evidence, without the confession, for a jury to have convicted Pointer. In conclusion, Pointer cannot demonstrate the requisite prejudice for failure to appeal the admission of the confession.

In his reply to the government's response, Pointer states that the court lacked jurisdiction because the government failed to prove that the money taken was from a bank insured by the Federal Deposit Insurance Corporation. This argument is without merit. It was stipulated that the deposits of the First Financial Bank including its branch at 5350 West Fond du Lac Avenue, Milwaukee, Wisconsin were insured by the F.D.I.C. certificate 77 at all times material. (Tr. at pg. 697.) Pointer's contention that the government failed to prove jurisdiction is without merit.

## IV. *CONCLUSION*

The Court concludes that Pointer's collateral attack on his conviction and sentence is without merit. "A district judge need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if 'the record standing alone conclusively demonstrates that a petitioner is entitled to no relief.'" *Daniels v. United States,* 54 F.3d

290, 293 (7th Cir.1995) (quoting *Humphrey v. United States,* 896 F.2d 1066, 1070 (7th Cir. 1990), *cert. denied,* 498 U.S. 938, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990)). Accordingly, Pointer's Motion pursuant to 28 U.S.C. § 2255 is **DENIED** and this case **DISMISSED.**