124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Angel PEREZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2304.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1997.*
Decided Aug. 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Angel Perez, was convicted after a jury trial of one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846. On October 4, 1993, Perez timely appealed the sufficiency of the evidence supporting his conviction and aspects of his sentence from the final order of judgment entered on September 24, 1993. On October 26, 1993, Perez filed a motion for a new trial which the district court denied on December 30, 1993. His attorney did not file a separate notice of appeal from the denial of the motion for a new trial. Instead. the attorney attempted, unsuccessfully, to argue the merits on direct appeal. This court affirmed the judgment and sentence, but concluded that it lacked jurisdiction to reach Perez's claim for a new trial due to his failure to file a notice of appeal from the order denying his post-verdict motion. United States v. Perez, 30 F.3d 137 (7th Cir.1994) (unpublished order). Perez then filed this 28 U.S.C. § 2255 motion which the district court denied.[1]
 
 
 2
 Perez now appeals, pursuing his claim that his counsel was ineffective in failing to file a notice of appeal from the denial of the motion for a new trial. Perez argues that this court should not assess his ineffective assistance of counsel claim under the customary two-step standard of Strickland v. Washington, 466 U.S. 668 (1984). Instead, he asserts that his counsel's performance was presumptively prejudicial. See Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994). In denying Perez's § 2255 motion, the district court concluded that Perez's attorney:
 
 
 3
 took a direct appeal thinking that the pending motion for a new trial would be considered by the appellate court. The record shows that that was his intention as made clear by the Seventh Circuit's statement in their opinion on direct appeal that "he [Perez] now appeals from the judgment of guilty entered on the jury verdict, from various aspects of his sentencing, and from the denial of his motion for a new trial." His error was thinking that the notice of direct appeal sufficed to give the Seventh Circuit jurisdiction over the denial of his motion for a new trial.[2]
 
 
 4
 We review the district court's denial of a § 2255 motion regarding questions of law de novo and the court's factual findings for clear error. Stoia v. United States, 109 F.3d 392, 395 (7th Cir.1997). Relief may be available to Perez if he can demonstrate "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice." ' Bischel v. United Slates, 32 F.3d 259, 263 (7th Cir.1994) (citation omitted).
 
 
 5
 In general, we review ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing of counsel's deficient performance causing prejudice. We will assume that counsel was deficient in failing to file a separate notice of appeal from the denial of the motion for a new trial and focus on prejudice. In Castellanos, this court examined whether a federal habeas petitioner was prejudiced in the context of his counsel's failure to file a direct criminal appeal, even though the petitioner had requested one, concluding that counsel's failure constituted abandonment--a per se violation of the Sixth Amendment. Id. at 718-20. This court concluded that the petitioner did not receive any legal representation because no one had looked at the record with an "advocate's eye." Id.; see also United States v. Nagib, 56 F.3d 798, 801 (7th Cir.1995) (counsel's failure to file timely notice of appeal constituted per se ineffective assistance of counsel).
 
 
 6
 Unlike Castellanos, Perez's counsel filed a direct appeal from the final judgment presuming that the notice of appeal conferred jurisdiction over the denial of the motion for a new trial. Counsel's intentions are evidenced by raising the merits of the denial of the motion for a new trial on direct appeal, which failed for lack of appellate jurisdiction. See Enoch v. GramIey, 70 F.3d 1490, 1503 (7th Cir.1995), cert. denied, 117 S.Ct. 95 (1996) (case in which lawyer tried to present claim but failed due to procedural default is "typical type" of case requiring separate showing of prejudice). In sum, Perez's counsel reviewed the record with an "advocate's eye," and although he failed to file a notice of appeal on the post-verdict motion, his misfeasance was not so deficient as to constitute constructive absence of counsel. Therefore, we will not presume prejudice.
 
 
 7
 To establish that his counsel's performance prejudiced his case, Perez must show that counsel's deficient representation rendered the proceedings fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 368-70 (1993). The basis of Perez's motion for a new trial was newly discovered evidence; after his trial Perez discovered that one of his jurors had been a prospective juror in a case resulting in a mistrial due to the juror's possible racial remark about African-Americans. Perez asserted that he was entitled to a new trial because this particular juror served on his jury and was possibly biased against Perez based on his race, Hispanic. The district court denied the motion because Perez's assertion of juror bias was unfounded and speculative.
 
 
 8
 The district court may grant a motion for a new trial based on newly discovered evidence "if required in the interests of justice." Fed.R.Crim.P. 33; United States v. Gonzalez, 93 F.3d 311, 315 (7th Cir.1996). The district court has wide discretion when deciding a motion for a new trial based on allegations of juror misconduct and we would review the court's denial for an abuse of discretion. Artis v. Hitachi Zosen Clearing, Inc., 967 F.2d 1132, 1141 (7th Cir.1992).
 
 
 9
 Here, the district court concluded that when the judge, who presided over the first trial, examined the juror's statement, he did not find that the juror was actually biased against African-Americans, but declared a mistrial based on the possibility of bias and the number of parties who moved for a mistrial. The district court determined that Perez's No. 96-2304 Page 4 accusations that the juror was prejudiced against him because he was Hispanic was unfounded. There is no evidence of actual or possible juror bias based on Perez's race.
 
 
 10
 Perez has not shown that counsel's failure to file a notice of appeal from the denial of his post-verdict motion rendered the proceedings fundamentally unfair or unreliable.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Perez filed his § 2255 motion prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996. Therefore. the provisions of the Act do not govern our review of this case. Hence, a certificate of appealability was not required. See Lindh v. Murphy, 117 S.Ct. 2059, 2063 (1997)
 
 
 [2]
 Memorandum and Order, April 17, 1996 (quoting United States v. Perez, 30 F.3d 1137 (7th Cir.1994) (unpublished order))