NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 9, 2011[*]
Decided February 14, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-3456

| | |
|---|---|
| EDWARD DUANE POINTER-BEY, a.k.a. EDWARD D. POINTER, *Petitioner-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-cv-1056 |
| RICARDO RIOS, Warden, FCI-Pekin, *Respondent-Appellee*. | Joe Billy McDade, *Judge*. |

**O R D E R**

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and record.  See FED. R. APP. P. 34(a)(2)(c).

Edward Pointer-Bey,[**] a federal inmate, petitioned for a writ of habeas corpus, see 28 U.S.C. § 2241, claiming that the Bureau of Prisons has miscalculated his projected date of release. The district court rejected that contention, and Pointer-Bey appeals. We affirm the judgment.

Pointer-Bey was convicted in 1993 in the Eastern District of Wisconsin of bank robbery, 18 U.S.C. § 2113(a), and using a firearm during a crime of violence, *id*. § 924(c)(1). He was sentenced to 232 months of imprisonment for the bank robbery plus 60 months for the gun violation, to run consecutively. See *United States v. Pointer*, 16 F.3d 1226 (7th Cir. 1994) (unpublished decision). Pointer-Bey is assigned to FCI-Pekin in the Central District of Illinois, and the BOP projects that he will be released on March 5, 2014, so long as he does not forfeit any Good Conduct Time because of rules infractions.

By statute the BOP is required to aggregate multiple sentences for administrative purposes, see 18 U.S.C. § 3584(c); *United States v. Gamble*, 572 F.3d 472, 474 & n.2 (8th Cir. 2010), so in the agency's view Pointer-Bey is serving a single, 292-month term. In his § 2241 petition he claimed—at least on the surface—that the BOP, by using his aggregate sentence to calculate and apply Good Conduct Time, has misstated his release date by several months. The BOP, he insisted, is obligated to treat every sentence independently when calculating Good Conduct Time. Although correcting this purported miscalculation would not immediately secure his release, § 2241 is available to challenge projections of Good Conduct Time. See *Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973); *Walker v. O'Brien,* 216 F.3d 626, 635 (7th Cir. 2000).

The BOP responded that its methodology is consistent with the command of § 3584(c) to treat consecutive terms "as a single, aggregate term of imprisonment," and that, regardless, applying Good Conduct Time to each sentence independently would not accelerate Pointer-Bey's release date. To illustrate the latter point, the BOP provided computer printouts showing that Pointer-Bey will receive a total of 1,095 days of Good Conduct Time (assuming no future misconduct) no matter whether the total credit is calculated by viewing the two sentences independently or in the aggregate. See Response to Petition for Writ of Habeas Corpus, at 15-16 & App. 47, 52-53. Pointer-Bey filed a reply to the BOP's submission but did not mention the computer printouts.

---

[**] Pointer-Bey used the name Edward Pointer when he filed his § 2241 petition, but BOP records identify him as Pointer-Bey, the name he now uses in his appellate brief. We do the same.

In rejecting Pointer-Bey's claim, the district court agreed with the BOP that its methodology is grounded in § 3584(c), and that performing separate calculations for each sentence would yield an identical result. *Pointer v. Rios*, No. 10-cv-1056 (C.D. Ill. Oct. 14, 2010), at 2-3. The court observed that Pointer-Bey projected an earlier release date, not because he had calculated Good Conduct Time for each sentence independently, but because in separately analyzing his prison term for bank robbery he had *overstated* the Good Conduct Time for which he is eligible. *Id*. at 3 n.4.

That is what Pointer-Bey continues to do on appeal. The BOP is authorized to award up to 54 days of Good Conduct Time at the end of each year of imprisonment, 18 U.S.C. § 3624(b)(1); *White v. Scibana*, 390 F.3d 997, 998-99 (7th Cir. 2005), which means that a 232-month term (19 years, 4 months) would be shortened by 54 days after each year of incarceration (assuming no disciplinary infractions) and expire sometime in year 17. See *White*, 390 F.3d at 998. An inmate with a sentence of that length will receive 864 days of Good Conduct Time by the end of year 16 and, as further provided in § 3624(b)(1), a pro rata credit during year 17. This "time served" method, which the BOP has implemented through 28 C.F.R. § 553.20(a) and Program Statement 5880.28 (1992), was upheld by the Supreme Court last term. *Barber v. Thomas*, 130 S. Ct. 2499 (2010). Pointer-Bey insists, on the other hand, that he should receive 54 days of Good Conduct Time—in advance—for the entire length of his sentence *as imposed*. In other words, he would allot himself 1044 days for the same period (19.33 years X 54 days) less 57 days he previously forfeited for misconduct. The BOP has rejected Pointer-Bey's methodology, as has the Supreme Court.

In the district court Pointer-Bey purported to concede that the "time served" method governs, but, as the judge recognized, he in fact ignored that method and calculated Good Conduct Time for the entire 232 months of the bank robbery sentence. *Pointer*, No. 10-cv-1056, at 2 n.2, 3 n.4. Pointer-Bey does the same in his brief in this court. Thus, while he asserted in his § 2241 petition that he was challenging the BOP's use of his aggregated sentence to calculate Good Conduct Time, what Pointer-Bey actually contested was the agency's use of the "time served" method. Once that contention is stripped from the case, Pointer-Bey has no answer to the BOP's exhibits showing that his projected release date would be the same whether his Good Conduct Time is calculated for the two sentences independently or together. His ostensible claim about the aggregation of his consecutive sentences is illusory, and the district court was correct to reject it.

For the foregoing reasons, the judgment of the district court is AFFIRMED.