**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arthur C. STOWE and James R. Robinson, Defendants–Appellants.**

**Nos. 92–1509, 92–1524.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1992.

Decided March 25, 1993.

As Amended March 25, 1993.

---

K. Tate Chambers, Asst. U.S. Atty. (argued), Office of the United States Attorney, Peoria, IL, plaintiff-appellee.

John Malvik (argued), Williams, Buckrop & Malvik, Rock Island, IL, for Arthur C. Stowe, defendant-appellant.

Mark A. Appleton (argued), Appleton & McHugh, Aledo, IL, for James R. Robinson, defendant-appellant.

Before RIPPLE and KANNE, Circuit Judges, and LEINENWEBER, District Judge.[*]

LEINENWEBER, District Judge.

This case involves appeals by two defendants convicted in a cocaine and gambling distribution operation centered in Moline, Illinois. Each defendant raises separate issues on appeal. Defendant Stowe appeals the district court's decision to count his Driving Under the Influence of Alcohol ("DUI") conviction in calculating his criminal history under the federal sentencing guidelines. Defendant Robinson is dissatisfied with his sentence and argues that the district court erred in following the government's recommendation that it depart downward 15 months from Robinson's guideline range sentence pursuant to Unit-

ed States Sentencing Commission Guidelines § 5K1.1. Robinson also argues that the district court erred in sentencing him because of the divergence between his sentence and those of his co-defendants. We reject both appeals and affirm the decisions of the district court.

## BACKGROUND

A joint federal-state investigation uncovered a large-scale gambling operation centered in the Moline, Illinois area which accepted more than $4 million in gambling bets. A number of operatives in the gambling ring were also involved in cocaine distribution.

Defendants and six other individuals were indicted by a grand jury. Stowe was charged with one count of conducting a continuing criminal enterprise (21 U.S.C. § 848); one count of conspiring to distribute cocaine (21 U.S.C. § 846); five counts of distribution of cocaine (21 U.S.C. § 841(a)(1)); two counts of possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)); two counts of using drug and gambling proceeds to conduct a financial transaction (18 U.S.C. § 1956); one count of conspiring to conduct a gambling business (18 U.S.C. § 371); and one count of conducting a gambling business (18 U.S.C. § 1955).

Robinson was charged with one count of conspiring to distribute cocaine (21 U.S.C. § 846); one count of distribution of cocaine (21 U.S.C. § 841(a)(1)); and one count of possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)).

Both defendants pled guilty. Stowe pled guilty to the continuing criminal enterprise charge and one count of using drug and gambling proceeds to conduct a financial transaction. Robinson pled guilty to one count of distribution of cocaine.

## ANALYSIS

### I. *Stowe's Claim*

■ Defendant Stowe argues that the district court erred in counting his conviction for DUI in Illinois state court when calculating his criminal history under the

---

[*] The Honorable Harry D. Leinenweber, District Judge of the Northern District of Illinois, is sitting by designation.

federal sentencing guidelines. The court assigned one point for this conviction.

Stowe pled guilty to the DUI charge and was placed on court supervision for this offense. He later successfully completed this supervision. Illinois law provides that "[d]ischarge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." Ill.Rev.Stat., ch. 38, ¶ 1005–6–3.1(f) (1991).

Stowe equates his successful completion of court supervision with an expungement of his conviction under the federal sentencing guidelines. Section 4A1.2(j) of the guidelines provides that "[s]entences for expunged convictions are not counted [in calculating criminal histories], but may be considered under section 4A1.3 (Adequacy of Criminal History Category)." Consequently, according to Stowe, the district court erred in assigning his DUI conviction one point in its calculation of his criminal history.

A plain reading of the relevant guidelines and their accompanying comments reveals that defendant's argument is without merit. United States Sentencing Guideline § 4A1.2(f) reads:

(f) *Diversionary Dispositions*

Diversion from the judicial process without a finding of guilt (*e.g.,* deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if conviction is not formally entered, except that diversion from juvenile court is not counted.

Defendant Stowe's diversionary disposition was the result of his pleading guilty to the charge of DUI. It was not due to deferred prosecution. Clearly, then it falls within the scope of the second sentence of section 4A1.2(f). Such diversionary dispositions, except those arising out of juvenile

court, are treated as sentences for the purpose of determining criminal histories under the guidelines. This position is reinforced by the commentaries which accompany the guidelines. Commentary Application Note 10 discusses pardons and convictions that are set aside and provides:

A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.,* in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

U.S.S.G. § 4A1.2, comment (n. 10).

Stowe's conviction was not set aside because of his innocence. His conviction was set aside under Illinois law for purposes of removing the stigma associated with a criminal conviction and to restore his civil rights. As the comment makes clear, such convictions are not the same as expunged convictions and should be counted.

The district court did not err in counting Stowe's diversionary disposition in calculating his criminal history.

## II. *Robinson's Claims*

Robinson alleges that the district court erred in adopting the government's recommendation of a downward departure of 15 months from the sentencing guideline range. Robinson had been evaluated as having a criminal history of 0 points resulting in a criminal history level I and assessed as an offense level of 29 under the sentencing guidelines. This resulted in an imprisonment range of 87 to 108 months. The government presented evidence of Robinson's cooperation and moved under section 5K1.1 of the sentencing guidelines for a downward departure to 72 months. The district court adopted this recommendation and sentenced Robinson to a term of 72 months.

Robinson argues that the district court erred in using the government's recommendation as the ending point in its analysis of how far to depart downward. Robinson also argues that the district court failed to assign weight to the level of cooperation which he provided in this case.

Robinson's arguments must fail. First, the appellate court does not have jurisdiction to review a defendant's objection to the extent of a downward departure from an otherwise appropriate sentence. *United States v. Gant*, 902 F.2d 570 (7th Cir.1990). Robinson's sentence is appropriate. As indicated above, his criminal history and offense level recommended a sentence ranging from 87 to 108 months. Upon the government's recommendation, the district court departed downward 15 months from the lowest end of that range and sentenced Robinson to 72 months imprisonment.

Moreover, even if this sentence were subject to our review, the district court did assess weight to the assistance provided by defendant and was correct in relying on the government's recommendation. The district court judge noted that defendant had provided "substantial assistance in this matter" and that such assistance "would justify a downward departure from the established guideline range."

The court also properly relied on the government's recommendation concerning the downward departure. Such recommendations should function as the court's starting point in determining the extent of the departure. *United States v. Thomas*, 930 F.2d 526, 531 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991). Moreover, the Application Notes to the Departures Section of the Guidelines specifically state that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance...." U.S.S.G. § 5K1.1, comment (n.3).

Defendant Robinson's second claim is that his sentence of 72 months was more severe than that of his co-defendants who brought larger quantities of cocaine into the community than he did. Robinson argues that this disparity in sentencing is contrary to the purpose of the sentencing guidelines which was to produce similar sentences for similar offenses.

Defendant has not provided a rationale for overturning his sentence. A disparity in sentences is not sufficient to warrant resentencing of defendants. *United States v. Edwards*, 945 F.2d 1387 (7th Cir. 1991). The *Edwards* court stated, "[i]f the sentence imposed upon a particular defendant falls within the applicable Guidelines, then it will not be overturned on the ground that another defendant was sentenced differently." *Id.* at 1398, *citing United States v. Guerrero*, 894 F.2d 261, 267 (7th Cir.1990). As noted above, defendant was sentenced under the applicable guideline. While undoubtedly of great meaning to the other defendants in this case, the sentences of Robinson's co-defendants are meaningless here. Defendant's sentence will not be overturned.

AFFIRMED.