101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. MERRIWEATHER, a/k/a James Cooper, Defendant-Appellant.
 No. 96-2543.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Nov. 14, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert Merriweather pleaded guilty to federal drug and weapons charges, then filed a timely notice of appeal. Merriweather's counsel has filed a motion to withdraw accompanied by a brief asserting that there are no non-frivolous issues for appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). Pursuant to Circuit Rule 51(a), this court notified Merriweather of his right to raise any points that he believes merit appeal, but he has not done so. We grant the motion to withdraw and dismiss the appeal.
 
 
 2
 Merriweather was arrested in 1994 after police found a .38-caliber revolver and small quantities of cocaine, heroin, and codeine in his vehicle during a consent search. He was charged with two counts of drug possession and with two counts of firearms violations, specifically receiving and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g), based on his 1983 burglary conviction. While on pretrial release, Merriweather tested positive for drug use and was taken into custody. Merriweather then pleaded guilty pursuant to a plea agreement whereby the government agreed to move for dismissal of one of the firearms counts. Despite his violation of the pretrial release drug use conditions, Merriweather received a 3-point reduction in his offense level (from 20 to 17) for acceptance of responsibility, U.S.S.G. § 3E1.1, and with a criminal history of II received the guideline range maximum sentence of 33 months of imprisonment.
 
 
 3
 Because Merriweather has not indicated any desire to withdraw his plea, either in the district court or on appeal, we bypass any consideration of the procedures by which the plea was taken; no such issues have been either preserved in the district court or presented for decision here. On appeal, Merriweather might attempt to recite his strenuous argument in the district court that Indiana restored his civil rights in 1992 and therefore he was not a section 922(g) "felon" because of the exemption provided by 18 U.S.C. § 921(a)(20). But as we have already held, United States v. McKinley, 23 F.3d 181, 183-84 (7th Cir.1994), Indiana's partial civil rights restoration scheme "does not substantially restore a convicted felon's civil rights" and thus does not satisfy section 921(a)(20). Simply put, section 922(g), like Indiana, still views Merriweather as a convicted felon. At the sentencing hearing, Merriweather conceded that he could not show that his specific right to carry a gun had been restored, which in Indiana requires waiting fifteen years from the date of conviction and then obtaining the governor's pardon. Ind.Code §§ 11-9-2-4, 35-47-2-20. Merriweather admitted that he had not satisfied either condition, thus this argument provides no ground for appeal.
 
 
 4
 Merriweather's related argument that the restoration of some of his civil rights precludes using his burglary conviction to calculate his criminal history category is also frivolous. Whether and how prior convictions count in calculating criminal history is a question of federal law governed by U.S.S.G. § 4A1.1 et seq., which do not recognize any such exception for the mere restoration of selected civil rights. Cf. United States v. Stowe, 989 F.2d 261, 263 (7th Cir.1993).
 
 
 5
 Merriweather appears to have succeeded on every other sentencing objection, and there is no evidence of any plain error. Because the district court imposed a sentence within the applicable guideline range, its exercise of discretion is unreviewable. United States v. Winston, 34 F.3d 574, 581 (7th Cir.1994). Having independently searched the record, we are satisfied that counsel has been diligent and that there are no non-frivolous issues. We therefore GRANT the attorney's motion to withdraw and DISMISS the appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)