129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin LOBO, Defendant-Appellant.
 No. 96-1770.
 United States Court of Appeals, Seventh Circuit.
 Argued June 2, 1997.
Decided Oct. 30, 1997.
 
 Before Hon. BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On August 9, 1995, Martin Lobo and Anton Keller were arrested after trying to purchase cocaine from a supplier in Mount Pleasant, Wisconsin. Lobo and Keller had been dealing with a confidential informant, who told them that they could buy a kilogram of cocaine from this supplier for $22.000. Following the arrest, agents seized a loaded .45 caliber semi-automatic handgun equipped with a laser sight, and $21,980 in cash from Keller's car. The government charged Martin Lobo in a four-count information. The information charged Lobo with one count of conspiracy to distribute cocaine and three counts of possession with intent to distribute cocaine. Lobo pleaded guilty to the conspiracy count on January 5, 1996. The district court sentenced Lobo to 84 months imprisonment, to be followed by five years of supervised release. Lobo appeals, challenging several aspects of his sentence.
 
 ANALYSIS
 
 2
 A. The Prior Uncounseled Misdemeanor Theft Conviction
 
 
 3
 Lobo was convicted for retail theft on November 4, 1987 in a Wisconsin municipal court. Pursuant to his conviction, Lobo was assessed a $258.00 fine with no term of imprisonment. On appeal, Lobo first contends that the district court improperly assessed one criminal history point for his uncounseled misdemeanor conviction under the United States Sentencing Guideline ("USSG") § 4A1.2(c)(1). Specifically, Lobo argues that the district court improperly included this offense in his criminal history because he believes that uncounseled misdemeanors for which no prison term was imposed cannot be included in a defendant's criminal history.
 
 
 4
 We believe that Lobo abandoned this argument in the district court. At Lobo's sentencing on March 18, 1996, Lobo's counsel stated:
 
 
 5
 I concede that under 4A1.2(c)(1) that this [retail theft conviction] would be included as a local ordinance violation, excluding local ordinance violations that are also criminal offenses under State Law. I think that by the inclusion of that, that when we look at the policy of the guidelines ... that there are occasions ... where the Defendant's criminal history category overrepresents the seriousness of the Defendant's criminal history.
 
 
 6
 Sen. Tr. at 5-6 (emphasis added). Thus. Lobo agreed that his prior retail theft conviction was properly includable under the Guidelines. but nevertheless believed that the increase in his criminal history would unfairly overstate the seriousness of his criminal history. Irrespective of Lobo's argument regarding the fairness of the Guidelines, he plainly conceded at the sentencing hearing that the prior retail theft conviction was properly includable in his criminal his criminal history category. Lobo cannot contend otherwise on appeal.
 
 
 7
 But, even if we were to determine that Lobo did not concede this issue his argument has no merit. We review the district court's interpretation of the scope of the guidelines de novo and its factual findings for clear error. United States v. Binford, 108 F.3d 723, 726 (7th Cir.1997). In United States v. Katalinich, 113 F.3d 1475 (7th Cir.1997), this court held that "an uncounseled misdemeanor conviction for which the defendant did not receive a term of imprisonment could be relied upon to enhance the sentence for a subsequent offense, even if that sentence for a subsequent offense include[s] incarceration." Id. at 1481 (citing United States v. Nichols, 511 U.S. 738, 746-47 (1994)). Katalinich is directly applicable and the district court properly used Lobo's uncounseled misdemeanor conviction to enhance his criminal history category.
 
 B. Section 2D.1(b)(1) Enhancement
 
 8
 At sentencing, the district court imposed a two-level increase for possession of a firearm pursuant to USSG § 2D1. (b)(1). Lobo asserts that because the government dismissed the 21 U.S.C. § 924(c) count from the superseding indictment in the aftermath of Bailey v. United States, 116 S.Ct. 501 (1995), the government no longer had enough evidence to demonstrate that Lobo possessed the gun. Because Lobo failed to raise this issue at the sentencing hearing or object to the Presentence Investigation Report ("PSI"), we review for plain error. United States v. Monem, 104 F.3d 905, 907 (7th Cir.1997).
 
 
 9
 Section 2D 1.1(b)(1) allows for an increase in the offense level for certain drug-trafficking offenses "[i]f a dangerous weapon (including a firearm) was possessed" during the offense. As Application Note 3 to this Section provides: "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." See USSG § 2D1.1, application note 3. In this case, the PSI indicated that when Lobo and Keller were arrested in Mount Pleasant as they were about to purchase cocaine from the confidential informant, police confiscated the laser equipped handgun from underneath the passenger seat in the car in which Lobo and Keller were riding. According to the PSI, investigations revealed that the gun belonged to Lobo. Keller also indicated in his post-arrest statement that the gun belonged to Lobo and that Lobo placed the gun under the seat while they were waiting to make the purchase. This clearly indicates that the firearm was possessed and present during the narcotics offense.
 
 
 10
 We reject Lobo's argument that the government's dismissal of the § 924(c) charge prohibits the increase under § 2D 1.1(b)(1). As we have repeatedly stated, the insufficiency of evidence to support a conviction for a § 924(c) offense post-Bailey is irrelevant for purposes of applying an enhancement under § 2D1.1(b)(1) of the Guidelines. See, e.g., Binford. 108 F.3d at 728-30. The district court may properly adopt the findings of the PSI as its own factual findings. Monem, 104 F.3d at 912. For these reasons, based on the evidence presented in the PSI, which was clearly uncontested at sentencing by Lobo, the district court did not err in finding that the facts warranted a two-level increase pursuant to § 2D 1. (b)(1) for possession of a firearm.
 
 
 11
 C. The Prior Diversionary Disposition Conviction
 
 
 12
 Lobo next argues that the district court erred in adding one criminal history point pursuant to USSG § 4A1.2(f), which allows for the inclusion of diversionary dispositions resulting from a finding or admission of guilt, based on a 1987 conviction for possession of controlled substances in Milwaukee County Circuit Court. We review this argument de novo. See, Binford, 108 F.3d at 726.
 
 
 13
 USSG § 4A1.2(f), entitled "Diversionary Dispositions," provides: Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.
 
 
 14
 The application note explains that this section allows a prior conviction to be counted for criminal history points if it "involved a judicial determination of guilt or an admission of guilt in open court." USSG § 4A1.2 application note 9 (emphasis added).
 
 
 15
 In connection with the Wisconsin offense for possession of controlled substances, the state trial judge placed Lobo on probation for nine months, and withheld sentence pursuant to Wisconsin law. See Wis. Stat. § 161.47(1). Section 161.47(1) provides that, for persons with no previous narcotics convictions, (like Lobo at that time), the court, "without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation." Id. This section further provides: "Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." Id. Finally, this conditional discharge only applies when that person "pleads guilty to or is found guilty of possession of a controlled substance." Id.
 
 
 16
 Lobo agues that under USSG § 4A1.2(j), which states that sentences for "expunged convictions" are not counted. his 1987 possession charge should not have been included as part of his criminal history. This same argument failed previously in United States v. Stowe, 989 F.2d 261 (7th Cir.1993).
 
 
 17
 In Stowe, the defendant pleaded guilty in Illinois state court to drunk driving and was placed on court supervision. When the defendant successfully completed his period of supervision, Illinois law provided for discharge and dismissal "without adjudication of guilt." Id. at 263. The district court included the drunk driving offense in calculating Stowe's criminal history. Stowe argued on appeal that the sentencing court should not have counted his drunk driving conviction in his criminal history, because his successful completion of court supervision should have been treated as an expungement of the offense pursuant to USSG § 4A1.2(j). Stowe, 989 F.2d at 263. In rejecting this argument. this Court held that defendant's diversionary disposition resulted from his pleading guilty to the DUI charge. It was not due to a deferred prosecution and thus the DUI fell within the scope of § 4A1.2(f). Stowe, 989 F.2d at 263. In reaching this conclusion, we focused on the fact that
 
 
 18
 Stowe's conviction was not set aside because of his innocence. His conviction was set aside under Illinois law for purposes of removing the stigma associated with a criminal conviction and to restore his civil rights. As the comment makes clear, such convictions are not the same as expunged convictions and should be counted.
 
 
 19
 Id.
 
 
 20
 In this case, the relevant Wisconsin statute is nearly identical to the Illinois statute we examined in Stowe. Like the defendant in Stowe, Lobo's conviction was not set aside because he was innocent. Rather, Lobo adequately complied with the terms of his supervision after making an admission of guilt in open court. Stowe is significantly analogous to the present case and Lobo's prior retail theft conviction was properly included as a diversionary disposition within the ambit of § 4A1.2(f), and was not an expunged conviction pursuant to § 4A1.2(j). The district court did not err in counting the retail theft conviction into Lobo's criminal history.
 
 D. Ineffective Assistance of Counsel
 
 21
 Finally, Lobo contends that he received ineffective assistance of counsel at sentencing because his attorney did not object to the application of the Guidelines in the PSI. Because we have determined that none of Lobo's arguments have merit, he is unable to satisfy either the "performance" or the "prejudice" prong set forth in Strickland v. Washington, 466 U.S. 668 (1983). We therefore conclude that Lobo did not receive ineffective assistance of counsel.
 
 
 22
 AFFIRMED.