In the

# United States Court of Appeals
### For the Seventh Circuit

No. 05-4272

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER JONES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 618—**Joan B. Gottschall**, *Judge.*

ARGUED APRIL 4, 2006—DECIDED MAY 23, 2006

Before POSNER, WOOD, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Christopher Jones had a history of small-time crime involving retail theft and possession of marijuana going back to 1993. For each of his brushes with the law he received correspondingly small-time penalties from Illinois courts: orders of supervision ranging from 6 to 12 months. Jones then decided to try his hand at selling crack cocaine. Unfortunately, after he was caught and convicted—this time in a different forum—he found federal law to be far less forgiving.

The facts are not disputed. One day in June 2002, Jones met codefendant Anthony Dockery in a parking lot on Chicago's far south side. A deal was done: Jones sold

Dockery 51 grams of crack for $1,700. Later the same day, the two had several phone conversations during which Dockery arranged to purchase three more ounces of crack for $2,500. The two made arrangements to meet again at the same parking lot. When Jones appeared, federal agents arrested him. They also found 78 grams of crack in his vehicle. Agents later searched Jones's house and found 72 grams of crack and 15 grams of powder cocaine in another vehicle. Pursuant to an agreement with the government, Jones pled guilty to possession with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to the mandatory minimum term of 120 months.

In this appeal of his sentence, Jones objects to the counting of four of his previous state offenses, which under the United States Sentencing Guidelines gave him four criminal history points and put him in criminal history category III. Jones argues that his dispositions of court-ordered supervision should not be considered prior "convictions" or "sentences." Without the four prior offenses, Jones argues he would have been eligible for the "safety valve" provision of 18 U.S.C. § 3553(f), which allows a court to waive the mandatory minimum sentence for certain drug defendants who have no more than one criminal history point and meet other criteria. We review a sentencing court's legal interpretation of the guidelines *de novo*. *United States v. Phillips*, 239 F.3d 829, 847 (7th Cir. 2001).

Jones's appeal focuses on the meaning, for federal purposes, of Illinois dispositions of supervision. Under Illinois law, a "court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant . . . ." (exceptions omitted). 730 ILCS 5/5-6-1(c). When supervision is successfully concluded, "the court shall discharge the defendant and enter a judgment dismissing the charges." 730 ILCS 5/5-6-3.1(e). Further,

> Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal . . . a person may have his record of arrest sealed or expunged as may be provided by law.

730 ILCS 5/5-6-3.1(f).

The effects of these provisions for guidelines purposes is not a new question for us. In *United States v. Stowe*, 989 F.2d 261, 263 (7th Cir. 1993), we noted that while a number of jurisdictions have procedures by which previous convictions may be set aside or a defendant pardoned for reasons unrelated to innocence or errors of law, sentences resulting from such convictions were intended to be counted under the federal guidelines. Such diversionary dispositions by a state court are distinguished from deferred prosecutions. *See id.* "A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence . . . even if conviction is not formally entered . . . ." *Id.* (quoting U.S.S.G. § 4A1.2(f)). *See also United States v. Moore*, 25 F.3d 563, 570 (7th Cir. 1994) (disposition of supervision is a "prior sentence").

In *United States v. Binford*, 108 F.3d 723 (7th Cir. 1997), *cert. denied*, 521 U.S. 1128 (1997), we considered the case of a federal drug defendant who had previously received one year of Illinois supervision for illegal transportation of alcohol. We explained that "[s]upervision *is* a sentence for purposes of" the guidelines, *id.* at 727, and noted that U.S.S.G. § 4A1.2(a)(3) specifies that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)," *see id.* Examining their respective

definitions under Illinois law, we concluded that "supervision is the functional equivalent of conditional discharge, which we previously have held to be the functional equivalent of probation. The bottom line is that probation, conditional discharge and supervision all allow a convicted defendant to stay out of prison so long as he stays out of trouble." *Id.* "The only difference between conditional discharge and supervision is that the charges against a convicted defendant on supervision may ultimately be dismissed. This is of no consequence for purposes of [the federal sentencing guidelines]." *Id.* at 727-28.

A year later in *United States v. Burke*, 148 F.3d 832 (7th Cir. 1998), *cert. denied*, 525 U.S. 1031 (1998), we reaffirmed our holding in *Binford* that court supervision is the functional equivalent of probation. *Id.* at 839. We also reaffirmed our holding from *Stowe* that even if Illinois allows a defendant's conviction to be "set aside under Illinois law for purposes of removing the stigma associated with a criminal conviction and to restore his civil rights," *id.* at 839-40 (quoting *Stowe*, 989 F.2d at 263), the guidelines "do not rely on state definitions or labels," *id.* at 839. In the view of federal law, a "defendant is no less guilty of the offense after completing his court supervision than he was when he was found guilty, whether or not Illinois still considers him a misdemeanant." *Id.* at 840. Finally, in *United States v. Smith*, 223 F.3d 554, 578-79 (7th Cir. 2000), we held that a stipulation by the defendant to the facts supporting a charge had the same effect as a plea or finding of guilt, since Illinois law allows for supervision under any of these scenarios.

From this background, it should be clear that whatever the semantics of the terms "conviction" and "sentence," court-ordered dispositions of supervision are properly counted in the computation of criminal history under U.S.S.G. § 4A1.2. Jones, however, seizes on language in Illinois law which provides that after a defendant has

successfully completed supervision, "the court shall discharge the defendant and enter a judgment dismissing the charges." 730 ILCS 5/5-6-3.1(e). He reasons that if someone doesn't have a formal judgment of conviction on his record, his supervision cannot be considered to have been a "sentence." As he explains his view in his brief, "a defendant laboring under a court order of supervision has not been convicted, since all proceedings have been deferred . . . . The defendant does not have a conviction unless or until he fails to complete his order of supervision. . . . An admission of guilt without an adjudication of guilt is no conviction." For similar reasons, Jones takes issue with our holding in *Binford* equating supervision with probation and conditional release, since the latter sentences are imposed only after a judgment of conviction.

Finally, Jones reminds us that "[d]ischarge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed *without* adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." 730 ILCS 5/5-6-3.1(f) (emphasis added). He contrasts this language with the guidelines definition of a prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere* . . . ." U.S.S.G. § 4A1.2(a)(1).

Jones makes a valiant effort, but we are not persuaded. The upshot of his argument is to equate the postsupervision dismissal of charges with a finding of innocence or a pardon. But this is clearly not the effect of court-ordered supervision.

While "a disposition of supervision shall be deemed without adjudication of guilt . . . for purposes of disqualification or disabilities imposed by law upon conviction of a crime," 730 ILCS 5/5-6-3.1(f), this does not mean that a judicial proceeding did not occur, or that the defendant's

guilt was not established after a guilty plea, stipulation to facts, or plea of *nolo contendere*. Indeed, Jones never denies that the dispositions of supervision he received were duly assessed penalties for his offenses. However the effects of a judicial proceeding might be retroactively transmogrified for purposes of Illinois law, a disposition of supervision is in fact preceded by an "adjudication of guilt." It is, therefore, countable under the federal sentencing guidelines. *See* U.S.S.G. § 4A1.2(a)(1). After all, the Due Process Clause does not let judges go around imposing court-ordered supervision on innocent people. A disposition of supervision is not to be confused with a deferred prosecution. In the latter, a defendant avoids an adjudication of guilt because he never reaches that point in the criminal process.

Moreover, when a case is dismissed after supervision, the court does not wave a magic wand to erase the defendant's criminal conduct from the time-space continuum. Dismissal may give a petty criminal a break for certain purposes under state law, but it does not compel us to pretend that the wrongdoing for which he was found culpable never occurred. And it is the fact of that prior wrongdoing, not how the judicial disposition is labeled, which matters in calculating criminal history. *Stowe*, 989 F.2d at 263; U.S.S.G. § 4A1.2(f). Counting diversionary dispositions that involve admission or judicial determination of guilt reflects "a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2 App. Note 9.

Contrary to Jones's assertion, counting dispositions of supervision in calculating criminal history under the guidelines does not "undermine the design and effect" of Illinois law, nor violate principles of federalism or the Ninth Amendment. As the Illinois Supreme Court has explained:

> A person who has previously received court supervision . . . with the dismissal of charges at the end of the

> supervision term, does not have a conviction *on his record* for that offense. To have been eligible for the term of supervision . . . however, the person *must necessarily either have pleaded guilty to, or stipulated to facts supporting, the underlying charge, or have been found guilty* of the offense. Persons who have never been charged with, or who have been acquitted of [an offense for which supervision may be imposed] have not previously admitted either guilt or inculpatory facts, nor have they been found guilty of such misconduct. *A rational basis exists, therefore, for distinguishing those who have previously undergone supervision from those who have not.*

*State v. Coleman*, 111 Ill.2d 87, 95-96 (1986) (internal citation omitted, emphasis added).

The state supreme court also explained that while a disposition of supervision is intended to mitigate some of the stigma associated with a conviction, it does not to foreclose all consequences of the defendant's prior misdeeds. "Use of a prior disposition of supervision as an aggravating factor in sentencing is not a 'disqualification or disability imposed by law.'" *Id.* at 97 (quoting 730 ILCS 5/5-6-3.1(f)). "Rather, that phrase contemplates certain rights which are lost as a matter of law by criminal convictions. These include the right to hold public office, to vote, and to possess a firearm." *Id.* (internal citations omitted).

After the slaps on the wrist he received for his prior bad acts, Jones may have been surprised to discover the harshness with which federal law views drug crimes. The reality, though, is that he cannot simply make his criminal history go away.

The sentence imposed by the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*