**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011
Decided March 23, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 10-3129 | |
| | Appeal from the |
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee,* | Western District of Wisconsin. |
| | |
| *v.* | No. 10-CR-73-BBC-02 |
| | |
| JAVIER P. CABRERA, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

Javier Cabrera pleaded guilty to distributing more than 500 grams of cocaine, *see* 21 U.S.C. § 841(a)(1), and the district court sentenced him to the statutory minimum of 60 months' imprisonment. *See id.* § 841(b)(1)(B)(ii). Cabrera appeals, but his appointed lawyer seeks to withdraw because he cannot identify a nonfrivolous issue for appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Cabrera has not responded to counsel's motion, *see* CIR. R. 51(b), and we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Cabrera has not expressed a desire to set aside his guilty plea. Thus, counsel should

have omitted from his submission any discussion of the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel considers whether Cabrera could argue that he should not have received criminal-history points for two charges that the State of Wisconsin dismissed through its deferred-prosecution program. To enter that program, Cabrera was required to plead guilty to the charges, and once he fulfilled the program's requirements, the State dismissed both charges. The district court assessed two points for those charges, however, because in both cases Cabrera admitted his guilt. *See* U.S.S.G. § 4A1.2(f). Cabrera objected to the assessment because, he argued, his guilty pleas were considered withdrawn after the State dismissed the charges against him. *See* WIS. STAT. § 971.37(4). But U.S.S.G. § 4A1.2(f) states that such diversionary dispositions count as prior sentences if they result from an admission of guilt, even if a conviction is not formally entered. Because Cabrera pleaded guilty to both charges as part of the deferred-prosecution program, the court correctly assessed two criminal-history points for the charges. *See United States v. Jones*, 448 F.3d 958, 960-61 (7th Cir. 2006).

Counsel also questions whether Cabrera could argue that his prison sentence is unreasonable. But the district court properly calculated the guidelines range and adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a) before sentencing Cabrera to the statutory minimum of 60 months. The court acknowledged Cabrera's argument that he has six children to support but emphasized that he had provided that support through the sale of drugs. Cabrera's within-guidelines sentence is presumed reasonable, and counsel does not identify a reason to disturb that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Moreover, the court was not authorized to sentence Cabrera below the statutory minimum. *See United States v. Clark*, 538 F.3d 803, 809 (7th Cir. 2008); *United States v. Roberson*, 474 F.3d 432, 436-37 (7th Cir. 2007). Thus, we agree with counsel that it would be frivolous to challenge Cabrera's sentence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Cabrera's appeal.