NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted August 28, 2012
Decided September 10, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3908

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 1033-1 |
| MANUEL RAMOS, *Defendant-Appellant*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Manuel Ramos pleaded guilty to conspiring to possess and distribute heroin. *See* 21 U.S.C. §§ 846, 841(a)(1). He would have faced a statutory minimum prison term of 20 years because the conspiracy involved well over a kilogram of heroin and he already had a felony drug conviction, but the government withdrew the recidivism enhancement in exchange for Ramos' guilty plea. *See id.* §§ 841(b)(1)(A)(ii), 851. Even without the enhancement Ramos was subject to a 10-year statutory minimum, which is what the district court imposed. Ramos filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Ramos did not respond to counsel's motion. *See* CIR. R. 51(b). Our review is confined to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968,

973–74 (7th Cir. 2002).

Counsel first addresses whether Ramos could challenge the adequacy of the plea colloquy or the voluntariness of his guilty plea. Yet counsel also tells us that Ramos does not want to contest his guilty plea, which means that counsel should not have explored this potential issue. *See United States v. Vallar*, 635 F.3d 271, 289 (7th Cir. 2011); *United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

According to counsel Ramos *does* want to contest the voluntariness of the confession he gave police after his arrest, but counsel concludes that such a challenge would be frivolous, and we agree. Counsel's analysis, however, misguidedly asks whether Ramos' plea agreement contains an explicit waiver of his appellate rights. No explicit waiver is required: A guilty plea, even without a plea agreement, forecloses inquiry into any pre-plea, nonjurisdictional issues that the defendant has not specifically reserved the right to raise on appeal, *see Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973); *United States v. Combs*, 657 F.3d 565, 568–69 (7th Cir. 2011), including claims relating to the voluntariness of a confession, *see Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006) (citing *McMann v. Richardson*, 397 U.S. 759 (1970)). Because Ramos does not seek to withdraw his guilty plea, the only relevant question about his plea agreement is whether it explicitly reserved his right to challenge the voluntariness of his confession on appeal. It did not, and so any challenge to the voluntariness of the confession would be frivolous.

Counsel also addresses whether Ramos could mount a nonfrivolous challenge to his 10-year prison sentence, correctly concluding that he could not. As Ramos acknowledged in his plea agreement, his crime carries a minimum sentence of 10 years because the amount of heroin involved was at least a kilogram. *See* 21 U.S.C. § 841(b)(1)(A)(i). The district court could not have gone lower unless Ramos had been eligible for the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), which allows for relief from the statutory minimum for drug offenders who meet specific criteria. One requirement is that the offender have no more than one criminal-history point, *see United States v. Jones*, 448 F.3d 958, 959 (7th Cir. 2006), and Ramos, whose past crimes had earned him two criminal-history points, was ineligible.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.