NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2012
Decided December 28, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 12-2376

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> JAVIER HERNANDEZ, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1: 11CR00101-001 <br><br> William T. Lawrence, <br> *Judge.* |

**O R D E R**

Javier Hernandez pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). In his plea agreement he waived the right to appeal his conviction or sentence on any ground. In exchange the government agreed to a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility and agreed to move to dismiss the second count of the indictment against him. The district court sentenced him below the calculated guidelines range to 168 months' imprisonment. Hernandez filed a notice of appeal, but his appointed counsel believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Hernandez filed a response to counsel's motion, *see* CIR. R. 51(b), but did not identify any potential issues. We therefore

confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first addresses whether Hernandez could challenge his guilty plea. As counsel notes, the transcript of the plea colloquy demonstrates the district court's substantial compliance with Federal Rule of Criminal Procedure 11(b). *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The district court explained the rights Hernandez would relinquish by pleading guilty, advised him of the consequences of his plea, ensured that it was voluntary, and determined that a factual basis for the plea existed. See FED. R. CRIM. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). Therefore, a challenge to the plea colloquy or the voluntariness of Hernandez's guilty plea would be frivolous.

Counsel also considers whether Hernandez could argue that the district court (1) erred by concluding that he was not eligible for the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), which allows for relief from the statutory minimum for drug offenders who meet specific criteria, or (2) imposed an unreasonable sentence. But Hernandez's broad waiver of his right to appeal makes this case frivolous. Because an appeal waiver stands or falls with the guilty plea, *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), Hernandez's appeal waiver must be enforced. Moreover, no element of Hernandez's sentence exceeds the statutory maximum, *see* 21 U.S.C. § 841(b)(1)(A)(viii), and the court did not rely on any unconstitutionally impermissible factor when it imposed Hernandez's sentence, *see Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012).

Counsel is also right that, even absent the appeal waiver, a safety-valve challenge here would be frivolous. One requirement for "safety valve" eligibility is that the offender have no more than one criminal-history point, *see* 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1); *United States v. Jones*, 448 F.3d 958, 959 (7th Cir. 2006), and Hernandez has two as a result of his past conviction for felony domestic battery. Moreover, Hernandez's below-guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and counsel has not identified any reason to set that presumption aside.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.